| |
|---|
| **Coranet Corp. v Scotti** |
| 2024 NY Slip Op 34519(U) |
| December 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653942/2020 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. NANCY M. BANNON

*Justice*

PART        61M

-------------------------------------------------------------------------X

CORANET CORP.,

Plaintiff,

- v -

ANTHONY SCOTTI, MICHAEL PROCOPIO, MICHAEL MADIGAN, TOUCHTEL USA, LLC, TOUCHTEL TECHNOLOGY GROUP & ELECTRICAL SERVICES, INC., d/b/a TOUCHTEL ELECTRIC & DATACOM,

Defendants.

-------------------------------------------------------------------------X

ANTHONY SCOTTI, TOUCHTEL USA, LLC

Plaintiff,

-against-

MARGARET MARCUCCI

Defendant.

-------------------------------------------------------------------------X

INDEX NO.            653942/2020

MOTION DATE       09/09/2024

MOTION SEQ. NO.        007

DECISION + ORDER ON MOTION

Third-Party
Index No.  595492/2021

The following e-filed documents, listed by NYSCEF document number (Motion 007) 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 315, 316, 317, 318, 319, 320, 321, 322, 323, 328

were read on this motion to/for                    PARTIAL SUMMARY JUDGMENT                    .

In this breach of contract action, the plaintiff, Coranet Corp., seeks, *inter alia,* damages from the individual defendants, former employees, Anthony Scotti, and Michael Madigan, and their subsequent employer, defendant Touchtel USA, LLC ("Touchtel"), to which the individual defendants allegedly diverted the plaintiff's clients and confidential and proprietary information.[1]

---

[1] By an order dated dated February 26, 2021, the court (Ostrager, J. [Ret.]) dismissed the complaint in its entirety as against defendant Touchtel Technology Group & Electrical Services, Inc. d/b/a Touchtel Electric & Datacom, leaving Scotti, Madigan, Michael Procopio, and Touchtel as defendants. The claims asserted against the individuals are breach of the individual confidentiality and non-solicitation agreements, breach of duty of loyalty/faithless servant; as against all defendants, misappropriation of confidential and propriety information, violations of federal and state Trade Secrets Acts, and unfair competition; as against the corporate defendant, tortious interference with business relations. A third-party action was commenced by Scotti and Touchtel against principals of Coranet; one cause of action was dismissed by an order of this court (Ostrager, J. [Ret.]) dated June 9, 2021. By an order dated May 1, 2024, this court denied Touchtel's motion for summary judgment on all three causes of action allege against it (MOT SEQ 006).

**653942/2020   CORANET CORP. vs. SCOTTI, ANTHONY**
**Motion No.  007**

**Page 1 of 5**

1 of 5

The plaintiff now moves pursuant to CPLR 3212(e) for partial summary judgment on its second cause of action for breach of the duty of loyalty as against individual defendants Anthony Scotti and Michael Madigan, and on its sixth cause of action for unfair competition as against Touchtel, but only to the extent the unfair competition claim is asserted against Touchtel based on its alleged diversion of business opportunities from the plaintiff. Touchtel opposes the motion. No opposition was filed by either Scotti or Madigan.

It is well settled that the proponent of a motion for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issues of fact. See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 (1985). In opposition, the nonmoving party must demonstrate by admissible evidence the existence of a triable issue of fact. See Alvarez v Prospect Hospital, 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980).

"The duty of loyalty, grounded in the faithless servant doctrine, is breached where the employee, acting as the agent of the employer, unfairly competes with his employer, [and] diverts business opportunities to himself or others to the financial detriment of the employer." Barasch & McGarry, PC v Marcowitz, 219 AD3d 1242, 1242-43 (1st Dept. 2023) (internal quotation marks omitted); see Chung v Williams Schwitzer & Assocs., P.C., 200 AD3d 514, 515 (1st Dept. 2021); Bon Temps Agency Ltd. v Greenfield, 184 AD2d 280, 281 (1st Dept. 1992).

Here, the plaintiff submits, *inter alia*, a detailed affidavit of its Senior Vice-President; its client list; deposition transcripts for Scotti, Madigan, and Touchtel's principal, Jerome Schauder; spreadsheets produced by Touchtel in discovery showing projects bid on and awarded, as well as invoices for projects performed for the plaintiff's clients; and numerous email communications between Scotti or Madigan, on the one hand, and clients and/or Schauder, on the other, which emails were produced by the defendants in discovery and/or authenticated by Scotti and Madigan at their depositions. These submissions demonstrate that, while still employed by the plaintiff, Scotti and Madigan began diverting projects from at least two of the plaintiff's clients, Canidae and Comm-Works, to Touchtel, at least some of which Touchtel ultimately secured. The plaintiff's submissions are thus sufficient to demonstrate its *prima facie* entitlement to summary judgment on its claim for breach of the duty of loyalty as against individual defendants Scotti and Madigan. See Barasch & McGarry, PC v Marcowitz, supra; Chung v Williams Schwitzer & Assocs., P.C., supra.

**653942/2020   CORANET CORP. vs. SCOTTI, ANTHONY**
**Motion No.  007**

Page 2 of 5

As no opposition is submitted by either Scotti or Madigan, no triable issue of fact is raised with respect to their liability on this cause of action. Therefore, the motion is granted without opposition to the extent it seeks summary judgment on the plaintiff's second cause of action for breach of the duty of loyalty as against Scotti and Madigan. However, because the plaintiff submits no proof regarding its damages with respect to this claim, summary judgment is granted as to liability only, with damages to be determined at trial. In that regard, the court notes that where a defendant is found liable under the faithless servant doctrine, the plaintiff is entitled to disgorgement of any compensation paid to the defendant during the period of disloyalty. See e.g Dawes v J. Muller & Co., 176 AD3d 473 (1st Dept. 2019); Visual Arts Found., Inc. v Egnasko, 91 AD3d 578 (1st Dept. 2012).

The plaintiff's submissions also suffice to make out its *prima facie* entitlement to summary judgment on its sixth cause of action for unfair competition as against Touchtel. "Under [a] 'misappropriation theory' of unfair competition, a party is liable if they unfairly exploit the skill, expenditures and labors of a competitor." E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 449 (2018) (internal quotation marks omitted); see Schroeder v Pinterest Inc., 133 AD3d 12, 30 (1st Dept. 2015). A plaintiff asserting such a claim must allege "the bad faith misappropriation of a commercial advantage" belonging to the plaintiff. Brook v Peconic Bay Med. Ctr., 152 AD3d 436, 439 (1st Dept. 2017); see Schroeder v Pinterest Inc., supra; Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 56 (1st Dept. 2015). "[B]ad faith can be established by a showing of . . . an abuse of a fiduciary or confidential relationship." Schroeder v Pinterest Inc., supra. A plaintiff may establish a cause of action for unfair competition by demonstrating that a defendant "wrongfully diverted the plaintiff's business to itself." McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733, 737 (2nd Dept. 2020); see also Epstein Eng'g, P.C. v Cataldo, 124 AD3d 420, 421 (1st Dept. 2015) (damages in unfair competition action may be "measured by profits made by defendants from clients or business opportunities diverted from plaintiff").

As noted, the plaintiff's submissions demonstrate that Scotti and Madigan, while still employed by the plaintiff, began diverting specific projects from the plaintiff's clients to Touchtel, which projects Touchtel ultimately secured. These submissions further demonstrate that Scotti and Madigan undertook the diversion of these projects with the knowledge and participation of Touchtel via its principal, Schauder. As such, the submissions suffice to establish a *prima facie* case of unfair competition against Touchtel by demonstrating that it knowingly participated in the diversion of business from the plaintiff's clients by Scotti and Madigan, whom it knew were still

**653942/2020   CORANET CORP. vs. SCOTTI, ANTHONY**
**Motion No.  007**

Page 3 of 5

3 of 5

[* 3]

employed by the plaintiff and thus continued to owe the plaintiff a duty of loyalty. See McRoberts Protective Agency, Inc. v Lansdell Protective Agency, Inc., 61 AD2d 652, 654-55 (1st Dept. 1978 (defendant company engaged in unfair competition by aiding in the diversion to it of the plaintiff business by individuals it knew were still employed by the plaintiff); McKinnon Doxsee Agency, Inc. v Gallina, supra at 738; Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC, 74 AD3d 1166 (2nd Dept. 2010).

In opposition, Touchtel fails to raise a triable issue of fact. Its only submissions in opposition to the motion are a status report for Touchtel from the Florida Department of State and pages from the website of the dismissed entity defendant, Touchtel Technology Group & Electrical Services, Inc., neither of which are in admissible form nor have any bearing on a material fact. In particular, Touchtel does not raise any triable issue as to the plaintiff's showing that the subject client projects were generated by Scotti and Madigan during their employment with the plaintiff, that Schauder was aware of Scotti's and Madigan's employment by the plaintiff and nevertheless participated in the diversion of the subject projects, and that Touchtel benefited from the disloyalty of Scotti and Madigan.

Touchtel's only contention in opposition, based principally on Schauder's deposition testimony, is that Schauder did not act in bad faith because he believed Scotti and Madigan had preexisting relationships with the diverted clients, and that they, and by extension Touchtel, were therefore free to solicit business from these clients. However, "[i]t is the general rule that an employee may solicit an employer's customers only when the employment relationship has been terminated[,]" even if the employee has an independent relationship with the customer or termination of the employment relationship is imminent. Catalogue Svc. of Westchester, Inc. v Wise, 63 AD2d 895, 895 (1st Dept. 1978); see Cont. Indus. Group, Inc. v Ustunas, 211 AD3d 601 (1st Dept. 2022); Island Sports Phys. Therapy v Burns, 84 AD3d 878 (2nd Dept. 2011). As such, Schauder's belief that Scotti and Madigan had preexisting relationships with the subject clients may only serve as a defense to claims arising from the solicitation and diversion of these clients after Scotti and Madigan left their employment with the plaintiff; it is not a defense to claims arising from the diversion of business to Touchtel while Scotti and Madigan were still employed by the plaintiff and continued to owe it a duty of loyalty. See id.; McRoberts Protective Agency, Inc. v Lansdell Protective Agency, Inc., supra at 654-55. Touchtel provides no persuasive authority otherwise.

**653942/2020   CORANET CORP. vs. SCOTTI, ANTHONY**
**Motion No.  007**

**Page 4 of 5**

4 of 5

Therefore, the motion is granted to the extent it seeks summary judgment on the plaintiff's sixth cause of action for unfair competition as against Touchtel, but only to the extent the unfair competition claim is based on diversion of business opportunities from the plaintiff.

In its sixth cause of action, the plaintiff also alleges that Touchtel is liable for unfair competition arising from, among other things, its knowing use of the plaintiff's misappropriated confidential information. However, by an order dated May 1, 2024, the court denied Touchtel's own summary judgment motion (MOT SEQ 006), finding that the submissions on that motion raised triable issues as to Touchtel's knowledge and participation in the alleged scheme to misappropriate confidential information belonging to the plaintiff. Nothing submitted on this motion warrants a different finding.

As the plaintiff submits no proof regarding its damages, summary judgment is granted as to liability only, with damages to be determined at trial. See CPLR 3212(e).

All remaining claims and portions thereof in the main and third-party actions will be determined in a non-jury trial. The parties are again encouraged to explore settlement.

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion for partial summary judgment is granted as to the liability of defendants Anthony Scotti and Michael Madigan on the second cause of action for breach of the duty of loyalty, and as to the liability of defendant Touchtel USA, LLC on the sixth cause of action for unfair competition to the extent that cause of action is based on the diversion of business opportunities from the plaintiff, and the motion is otherwise denied.

This constitutes the Decision and Order of the court.

20241218220048NBANNONA664303BCE184EEB8DB998CE995C8AE8

| __12/18/2024__ | | | NANCY M. BANNON, J.S.C. |
| DATE | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653942/2020  CORANET CORP. vs. SCOTTI, ANTHONY
Motion No.  007

Page 5 of 5

5 of 5

[* 5]